## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## TERRE HAUTE DIVISION

| | |
|---|---|
| SHAQUILLE HOLLINGSWORTH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:22-cv-00444-JRS-MJD |
| ) | |
| T. HARDY. ) | |
| *Formerly Putnamville Correctional Facility* ) | |
| *Sergeant #485* ) | |
| ) | |
| And ) | |
| ) | |
| A. McCullough ) | |
| *d/b/a Putnamville Correctional Facility* ) | |
| *Sergeant #195* ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

Plaintiff Shaquille Hollingsworth, for his Complaint against T. Hardy ("Hardy") and A. McCullough ("McCullough") (collectively, "Defendants"), alleges and states:

### Parties, Jurisdiction, and Venue

1. This action arises under and is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under the color of law of Mr. Hollingsworth's rights as secured by the United States Constitution.

2. This Court has jurisdiction of the § 1983 action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3).

3. Venue is proper under 28 U.S.C. § 1391(b). The events giving rise to this action occurred at the Putnamville Correctional Facility, located at 1946 West U.S. Hwy 40, Greencastle, Indiana 46135.

1

4. Mr. Hollingworth is an individual domiciled in Indiana.

5. At the time of the incident giving rise to this Complaint, Mr. Hollingsworth was in the custody of the Indiana Department of Correction and housed within the Putnamville Correctional Facility, located at 1946 West U.S. Hwy 40, Greencastle, Indiana 46135. Mr. Hollingsworth is not currently incarcerated.

6. At all relevant times, Hardy was a correctional officer for the Indiana Department of Corrections—who, at the time of the incident giving rise to this action, held the identification of Sergeant #486.

7. At all relevant times, McCullough was a correctional officer for the Indiana Department of Corrections—who, at the time of the incident giving rise to this action, held the identification of Sergeant #195.

8. At the time of the incident giving rise to this action, both Defendants were performing work on behalf of the Indiana Department of Corrections at the Putnamville Correctional Facility, located at 1946 West U.S. Hwy 40, Greencastle, Indiana 46135.

9. Both Defendants are "persons" within the meaning of 42 U.S.C. § 1983 and acted under color of law in depriving Mr. Hollingsworth of his rights as set forth fully below.

10. This Court has jurisdiction over this action pursuant to 28 U.S.C. Sections 1331 and 1343.

11. Both Defendants have notice of the circumstances giving rise to this action.

**Factual Background**

12. On or around December 6, 2020, Mr. Hollingsworth was preparing to leave his cubicle to attend the "daily line up" at the Putnamville Correctional Facility.

13. But before Mr. Hollingsworth could attend the "daily line up," another inmate at the Putnamville Correctional Facility began acting erratically and entered Mr. Hollingsworth's cubicle without approval.

14. While inside Mr. Hollingsworth's cubicle without approval, the inmate continued to act erratically. Among other things, the inmate jumped on or near Mr. Hollingsworth's bed, threatening the safety of Mr. Hollingsworth's personal belongings (including his legal documents).

15. Reasonably fearing for the destruction and/or loss of his legal documents and other personal belongings, Mr. Hollingsworth attempted to protect those documents and belongings when the inmate entered Mr. Hollingsworth's cubicle without authority. (Notably, Mr. Hollingsworth was not the only inmate who stayed in the cubicle due to the erratic inmate.)

16. Given the nature of the erratic inmate's conduct, Hardy and McCullough (along with other prison officials) entered Mr. Hollingsworth's cubicle to address the erratic inmate.

17. In a continued effort to protect his legal documents and belongings from the erratic inmate (or any disruption that might occur between the erratic inmate and the officials), Mr. Hollingsworth asked Hardy and McCullough whether he could gather his belongings from his bed.

18. Rather than responding to Mr. Hollingsworth's reasonable request in light of the circumstances, Hardy—without notice or warning to Mr. Hollingsworth—sprayed Mr. Hollingsworth aggressively and maliciously with, upon information and belief, a MK 4 Streamer (commonly referred to as "pepper spray").

19. Hardy sprayed Mr. Hollingsworth in, at least, Mr. Hollingsworth's mouth, face, and head.

20. The spray caused Hollingsworth to suffer physical injuries and emotional distress.

21. Among other things, the spray triggered Mr. Hollingsworth's asthma and caused him to suffer difficulties in breathing and seeing for a period of time following the unnecessary use of force.

22. After the initial assault, Mr. Hollingsworth attempted to place his hands on the wall to avoid further harm.

23. But Mr. Hollingsworth's efforts were made in vain.

24. Indeed—while Mr. Hollingsworth was attempting to place his hands on the wall to avoid further harm and while Mr. Hollingsworth was suffering from the effects of being improperly spayed by Hardy—McCullough tased Mr. Hollingsworth with, upon information and belief, an X2 Taser.

25. Specifically, upon information and belief, McCullough launched two X2 Taser prongs into Mr. Hollingsworth's lower right backside, puncturing his clothing, sending electrical shocks throughout his entire body, and resulting in physical injuries and causing emotional distress.

26. Though there was no reason to do so, McCullough then preceded to repeatedly, maliciously, unnecessarily, and without provocation use the X2 Taser to further shock Mr. Hollingsworth.

27. The electrical shocks knocked Mr. Hollingsworth to the ground, causing him further pain and suffering.

28. McCullough and Hardy subsequently grabbed Mr. Hollingsworth from the floor and forcibly dragged him outside of the cubicle.

29. Notably, at no point during the incident did Hardy or McCullough request that Mr. Hollingsworth stop collecting his belongings or place his hands upon the wall to avoid further

harm. Neither Hardy nor McCullough warned Mr. Hollingsworth that his actions could result in him being sprayed, tased, or forcibly dragged from the cubicle.

30. Similarly, neither Hardy nor McCullough told any of the other inmates in Mr. Hollingsworth's cubicle to leave. They also did not spray or tase any of the other inmates (other than the inmate acting erratically).

31. Although both Hardy and McCullough observed the incident and had opportunities to prevent it, neither Hardy nor McCullough ever attempted to intervene to stop the violations of Mr. Hollingsworth's constitutional rights

32. At no point during the incident did Mr. Hollingsworth pose a threat to the safety of the staff or other inmates.

33. Mr. Hollingsworth continues to experience pain, injuries, distress, and damage resulting from the December 6, 2020 incident.

34. As a result of the incident, Mr. Hollingsworth was ultimately taken to the Putnamville Correctional Facility Health Care Unit to have the X2 Taser prongs removed from his back.

35. But later, he was improperly placed in the Putnamville Correction Facility Disciplinary Restrictive Status Housing (the "DRHU") due to the incident.

36. Due to his placement in the DRHU, Mr. Hollingsworth was denied the ability to properly wrap and treat his injuries, further exacerbating the injuries. (During that time, Mr. Hollingsworth was also denied access to his personal property, mail, and legal documents and prevented from earning any money to provide financial support to care for his family.)

37. Mr. Hollingsworth was allegedly placed in the DRHU pending a conduct hearing.

38. But not surprisingly (because Mr. Hollingsworth should not have been placed in the DRHU in the first instance), this hearing never occurred. And the allegations filed against him were resolved due to an unexplained "clerical error."

39. After being released from the DRHU, Mr. Hollingsworth learned his legal documents were damaged in the December 6, 2020 incident and later thrown away without his consent—the very result he hoped to avoid from the outset.

40. During and after his time in the DRHU, Mr. Hollingsworth sought recompense for the physical and emotional harm that was caused by the Defendants. But despite his efforts (among other things, he was denied access to forms necessary to file grievances), McCullough and Hardy have not been held accountable for the reckless and excessive harm that they willfully, maliciously, and reckless caused to Mr. Hollingsworth, nor has Mr. Hollingsworth been compensated in any manner for his physical and emotional injuries and damages.

41. Left with no other options Mr. Hollingsworth—who is not currently in the Putnamville Correctional Facility or otherwise incarcerated—has been forced to file this Complaint to obtain the relief he deserves.

## COUNT I
### Excessive Force and Deliberate Indifference (against Hardy)

42. Mr. Hollingsworth repeats and incorporates all foregoing Paragraphs herein by reference.

43. At all relevant times, Hardy was an employee of the Putnamville Correctional Facility, acting in an individual capacity under color of state law within the meaning of 42 U.S.C. § 1983.

44. In the manner described above, Hardy inflicted unnecessary physical and emotional pain and suffering on Mr. Hollingsworth. Among other things, Hardy sprayed Mr. Hollingsworth

as described above and forcibly extracted him from his cell with total disregard of his safety or physical injury.

45. This conduct by Hardy constituted excessive force in violation of the United States Constitution and 42 U.S.C. § 1983.

46. Alternatively, Hardy knew the conduct posed a risk of serious harm to Mr. Hollingsworth, and Hardy was deliberately indifferent to the threat of such harm—in violation of Mr. Hollingsworth's constitutional rights under the United States Constitution and 42 U.S.C. § 1983.

47. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with malice, willful, and/or reckless indifference to Mr. Hollingsworth's constitutional rights.

48. As a direct and proximate result of Hardy's unconstitutional misconduct described in this Count, Mr. Hollingsworth has suffered injuries, including physical harm and mental and emotional distress. Hardy is liable to Mr. Hollingsworth for these damages.

## COUNT II
### Excessive Force and Deliberate Indifference (against McCullough)

49. Mr. Hollingsworth repeats and incorporates all foregoing Paragraphs herein by reference.

50. At all relevant times, McCullough was an employee of the Putnamville Correctional Facility, acting in an individual capacity under color of state law within the meaning of 42 U.S.C. § 1983.

51. In the manner described above, McCullough inflicted unnecessary physical and emotional pain and suffering on Mr. Hollingsworth. Among other things, McCullough tased

Hollingsworth as described above and forcibly extracted him from his cell with total disregard of his safety or physical injury.

52. This conduct by McCullough constituted excessive force in violation of the United States Constitution.

53. Alternatively, McCullough knew the conduct posed a risk of serious harm to Mr. Hollingsworth, and McCullough was deliberately indifferent to the threat of such harm—in violation of Mr. Hollingsworth's constitutional rights under the United States Constitution and 42 U.S.C. § 1983.

54. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with malice, willful, and/or reckless indifference to Mr. Hollingsworth's constitutional rights.

55. As a direct and proximate result of McCullough's unconstitutional misconduct described in this Count, Mr. Hollingsworth has suffered injuries, including physical harm and mental and emotional distress. McCullough is liable to Mr. Hollingsworth for these damages.

## COUNT III
### Failure to Intervene (against Hardy)

56. Mr. Hollingsworth repeats and incorporates all foregoing Paragraphs herein by reference.

57. Hardy knew, or had reason to know, that McCullough was using excessive force or committing a constitutional violation of Mr. Hollingsworth during the December 6, 2020 incident. And although Hardy had reasonable opportunities to intervene to prevent the acts from occurring and to direct appropriate attention and care to Mr. Hollingsworth, Hardy did not do so.

58. Hardy's actions and inactions were undertaken with malice, willfulness, intentionality, and with reckless indifference to Mr. Hollingsworth's constitutional rights

59. As a direct and proximate result of the unconstitutional conduct, Mr. Hollingsworth's constitutional rights were violated, and he suffered physical harm and mental and emotional distress. Hardy is liable to Mr. Hollingsworth for these damages.

## COUNT IV
### Failure to Intervene (against McCullough)

60. Mr. Hollingsworth repeats and incorporates all foregoing Paragraphs herein by reference.

61. McCullough knew, or had reason to know, that Hardy was using excessive force or committing a constitutional violation of Mr. Hollingsworth during the December 6, 2020 incident. And although McCullough had reasonable opportunities to intervene to prevent the acts from occurring and to direct appropriate attention and care to Mr. Hollingsworth, McCullough did not do so.

62. McCullough's actions and inactions were undertaken with malice, willfulness, intentionality, and with reckless indifference to Mr. Hollingsworth's constitutional rights

63. As a direct and proximate result of the unconstitutional conduct, Mr. Hollingsworth's constitutional rights were violated, and he suffered physical harm and mental and emotional distress. McCullough is liable to Mr. Hollingsworth for these damages.

### PRAYER FOR RELIEF

WHEREFORE, Mr. Hollingsworth demands judgment against each Defendant, and against Defendants, jointly and severally, awarding him:

A. Compensatory damages for physical injuries, emotional distress, pain and suffering, and actual and direct losses and expenses Mr. Hollingsworth has incurred and will incur as a result of the Defendants' actions, at an exact amount to be proven at trial;

B.   Punitive damages against each Defendant to punish each Defendant's wrongful conduct and to deter future conduct;

C.   Pre-judgment interest in favor of Mr. Hollingsworth and against the Defendants;

D.   All of Plaintiff's costs, fees, and expenses incurred in connection with this action; and

E.   Such other and further relief as this Court deems just and equitable.

## JURY DEMAND

Plaintiff Shaquille Hollingsworth hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.


Respectfully submitted,

ICE MILLER LLP


*/s/ Samuel B. Gardner*
Samuel B. Gardner (#32825-29)
Dakota M. Coates (#36800-30)
ICE MILLER LLP
One American Square, Suite 2900
Indianapolis, IN 46282
(317) 236-2100
samuel.gardner@icemiller.com
dakota.coates@icemiller.com


*Recruited Counsel for Plaintiff Shaquille Hollingsworth*